UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NED TOLLIVER                                               CIVIL ACTION

VERSUS                                                     NO.: 15-374-SDD-RLB

CITY OF NEW ROADS, ET AL.

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**

    Signed in Baton Rouge, Louisiana, on August 7, 2015.

                                                              RICHARD L. BOURGEOIS, JR.
                                                              UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| NED TOLLIVER | CIVIL ACTION |
| VERSUS | NO.: 15-374-SDD-RLB |
| CITY OF NEW ROADS, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before on Plaintiff's Motion to Remand. (R. Doc. 6). The motion is opposed. (R. Doc. 10). After careful review of the pleadings, arguments of the parties, and applicable law, it is the recommendation of the magistrate judge that the plaintiff's motion to remand should be **DENIED**.

### I.  Background

On May 28, 2015, Ned Tolliver ("Plaintiff"), a police officer employed by the City of New Roads for approximately 12 years, filed a Petition for Declaratory Judgment and Injunctive Relief, Compensation and Damages in the 18th Judicial District Court for the Parish of Pointe Coupee, Louisiana, naming as defendants the City of New Roads, Kevin McDonald, and Robert Myer (collectively, "Defendants"). (R. Doc. 1-2 at 3-7). Plaintiff alleges that he attended a monthly meeting of the New Roads Police Department and was accused by another officer, Shane Fabre, of being intoxicated. (R. Doc. 1-2 at 4). Plaintiff alleges that he was ordered to attend a meeting at the Chief's office in which he was told that he was being terminated for spreading a rumor that Mr. Fabre was having an affair with a newly hired female officer and for uttering disparaging remarks about him. (R. Doc. 1-2 at 4). Plaintiff attached a copy of his

termination documents to the Petition. (R. Doc. 1-2 at 10). Plaintiff alleges that he was then placed on suspension "per an inapplicable city grievance procedure." (R. Doc. 1-2 at 4).

Plaintiff alleges five causes of action: (1) recovery of unpaid wages and accrued benefits pursuant to the Louisiana Wage Payment Act, La. R.S. 23:631 *et seq*. ("LWPA"); (2) a declaration that the termination was an absolute nullity pursuant to the Police Officers Bill of Rights, La. R.S. 40:2531 *et seq*. ("POBR"); (3) injunctive relief for reinstatement of his employment; (4) damages under La. C.C. art. 2315; and (5) declaratory, injunctive, and monetary recovery pursuant to 42 U.S.C. § 1983 based on the alleged deliberate indifference and reckless disregard of Defendants for Plaintiff's constitutional rights under the Fourteenth Amendment. (R. Doc. 1-2 at 4-7).

On June 11, 2015, Defendants removed this action to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (R. Doc. 1). More specifically, Defendants assert that Plaintiff has alleged claims that arise under federal law, "including claims that defendants engaged in conduct in violation of the Fourteenth Amendment of the United States Constitution, and the Civil Rights Act, 42 U.S.C. § 1983-1988." (R. Doc. 1 at 3). Defendants further assert that the court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 . (R. Doc. 1 at 3).

On June 23, 2015, Plaintiff filed the instant motion to remand, which seeks remand of the entire action or, in the alternative, for the court to decline to exercise supplemental jurisdiction over the state law claims. (R. Doc. 6). The court denied Plaintiff's request for expedited consideration of the motion. (R. Doc. 8).

## II. Arguments of the Parties

In support of remand, Plaintiff does not dispute that this court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's cause of action under 42 U.S.C. § 1983 or that the court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. (R. Doc. 6-1 at 2). Plaintiff argues that he is entitled to expedited adjudication of his claims under Louisiana law, and the exercise of jurisdiction by this court over all of his claims would substantially prejudice him in violation of his rights under state law. (R. Doc. 6 at 2). Plaintiff further argues that there is a "substantial likelihood that consideration of the constitutional question may be avoided under the procedures afforded by Louisiana law" and remand of the action will alleviate substantial prejudice to him "as well as serve the interests of judicial efficiency and economy." (R. Doc. 6 at 2).

In Opposition, Defendants argue that the action was properly removed and there is no basis for remand. First, Defendants argue that there is no basis for severing and remanding the state law claims pursuant to 28 U.S.C. § 1441(c). (R. Doc. 10 at 3). Second, Defendants argue that Plaintiff's arguments do not provide good grounds for declining supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because his LWPA claim is premature as he is on suspension and not terminated, the court can award Plaintiff the relief he seeks if warranted, the exercise of jurisdiction by this court would not violate Plaintiff's rights under the Louisiana constitution, and this court is well suited to adjudicate Plaintiff's POBR claims. (R. Doc. 10 at 4-7). Defendants further argue that the court should exercise supplemental jurisdiction as a matter of judicial efficiency. (R. Doc. 10 at 8).

### III. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.A. § 1367(c).

As a preliminary matter, there is no dispute that this action was properly removed in light of Plaintiff's allegations pursuant to 42 U.S.C. § 1983, which provides the court with subject matter jurisdiction under 28 U.S.C. § 1331. Furthermore, there is no dispute that the court may exercise supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C.A. § 1367. Accordingly, the only issue is whether the court should, in its discretion, exercise supplemental jurisdiction over the state law claims.[1]

---

[1] Plaintiff does not argue that the state law claims must be severed and remanded on the basis that they are not within the supplemental jurisdiction of the court or have been made nonremovable by statute. *See* 28 U.S.C. § 1441(c)(1)-(2). Plaintiff does not cite any authority that would require remand of this entire action.

Plaintiff has not sought voluntary dismissal of his Section 1983 claim. Accordingly, this is not an action in which the federal court must decide whether to exercise supplemental jurisdiction over a state law claim after all federal claims have been dismissed. Where federal claims are dismissed at the infancy of an action, a district court may abuse its discretion when it does not reconsider its supplemental jurisdiction over the remaining state law claims. *See Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011) (district court abused its discretion in not remanding state law claims after federal claims were voluntarily amended away); *see also Savoy v. Pointe Coupee Parish Police Jury*, No. 15-128, 2015 WL 3773418, at *4 (M.D. La. June 16, 2015) (holding that, after voluntary dismissal of Section 1983 claim early in litigation, several factors —judicial economy, convenience, fairness, and comity—all weighed in favor of remanding the remaining claim pursuant to the Louisiana Whistleblower Statute).

Moreover, Plaintiff has not argued that his claims made pursuant to Louisiana law raise any novel or complex issues of state law or substantially predominate over the Section 1983 claims. Plaintiff briefly argues that whether the POBR "creates a protected due process property interest is likely a res nova issue which is properly and competently adjudicated in a state court forum." (R. Doc. 6-1 at 2). Plaintiff provides no law in support of this assertion. Even if this issue has not been decided, that would not necessarily make the issue novel or complex. The Fifth Circuit has addressed whether a substantive due process claim may be brought in the public employment context, which requires a demonstration of "a clearly-established property interest" in the plaintiff's employment. *See Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir. 1994) (citing *Mouton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993); *see also Devall v. Hammond Mun. Fire & Police Civil Serv. Bd.*, No. 14-1381, 2014 WL 6774249 (E.D. La. Dec. 2, 2014) (dismissing plaintiff's due process claim that his protected property interest was violated when

5

he was placed on administrative leave); *Brown v. Dep't of Police*, 999 So. 2d 1178, 1182 (La. Ct. App. 4th Cir. Dec. 3, 2008) (distinguishing "due process rights" from "those under La. R.S. 40:2531").

Plaintiff appears to request the court to remand his state law claims on the basis that Louisiana courts and procedural law provide expedited adjudication of LWPA and PONR claims in Louisiana courts. (R. Doc. 6-1 at 2). Plaintiff goes so far as to argue that requiring him to litigate these claims in federal court would violate his rights under the Louisiana Constitution. (R. Doc. 6-1 at 2). Nothing prevents Plaintiff from seeking expedited adjudication of his claims in this court, although the court makes no determination that such relief is warranted. Furthermore, Plaintiff has provided no analysis of why this court's discretionary exercise of supplemental jurisdiction over his claims (which can only be exercised in light of Plaintiff's assertion of a federal claim) would result in a violation of Louisiana law.

Finally, it is appropriate for the court to exercise supplemental jurisdiction over Plaintiff's state law claims. The state law claims are so related to the federal claims for which the court has original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). Furthermore, none of the statutory provisions for declining to exercise supplemental jurisdiction are applicable. *See* 28 U.S.C. § 1367(c).

## IV. Conclusion

There is no dispute that this court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1441, and may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The court should continue to exercise supplemental jurisdiction over Plaintiff's state law claims. If Plaintiff's federal claims are

6

dismissed, either voluntarily or involuntarily, the court should reconsider whether to retain supplemental jurisdiction over any remaining state law claims.

## **RECOMMENDATION**

For the foregoing reasons, it is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 7, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**